UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR-09-091-LRS |
|     Plaintiff, ) | |
| ) | **ORDER DENYING** |
|   v. ) | **MOTION TO DISMISS** |
| JONATHON JAMES BARNETT, ) | |
|     Defendant. ) | |
| _____ ) | |

A pre-trial conference was conducted on October 21, 2009.  George J.C. Jacobs, Esq., appeared for the United States.  Stephen R. Hormel, Esq., appeared for Defendant.  Defendant's Motion To Dismiss (Ct. Rec. 42) was argued at the pre-trial conference.  This order memorializes the court's decision denying the motion.

Defendant is charged with one count of Felon In Possession of a Firearm and Ammunition under 18 U.S.C. Sections 922(g)(1) and 924.

Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  There is no *mens rea* requirement in this section.  Instead, the *mens rea* requirement is contained in the accompanying "penalties" section, that being Section 924.

**ORDER DENYING**
**MOTION TO DISMISS-**          **1**

Section 924(a)(2) states that "[w]hoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

Defendant contends that "knowingly" means not only "knowingly" possessing a firearm or ammunition, but also "knowing" that one has been previously been convicted of felony (a crime punishable by imprisonment for a term exceeding one year) and "knowing" that one's possession of a firearm or ammunition is in or affects commerce, or that the firearm or ammunition has been shipped or transported in interstate or foreign commerce.  Since the Indictment alleges only that Defendant knowingly possessed firearms and ammunition, Defendant contends the Indictment must be dismissed because it fails to allege all elements of the crime.

Defendant acknowledges there is existing Ninth Circuit authority, (*United States v. Tallmadge*, 829 F.2d 767, 772 (9th Cir. 1987), and *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003)), holding that knowledge of conviction of a prior felony, and knowledge of the commerce nexus, are not required to be alleged and proven.  Defendant contends, however, that the United States Supreme Court's recent decision in *Flores-Figueroa v. United States*, _____ U.S. _____, 129 S.Ct. 1886 (2009), requires  courts to take another look at the issue.

Specifically at issue in *Flores-Figueroa* was 18 U.S.C. Section 1028A(a)(1) which punishes "aggravated identity theft."  A mandatory consecutive 2-year prison term is to be imposed upon individuals convicted of certain crimes if, during (or in relation to) the commission of those other crimes, the offender "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person."  The Supreme Court held this statutory language requires the Government to prove the defendant knew that the "means of identification" he or she unlawfully transferred, possessed, or used, in fact,

**ORDER DENYING**
**MOTION TO DISMISS-**          **2**

1  belonged to "another person."  The Court found that "[a]s a matter of ordinary
2  English grammar, it seems natural to read the statute's word 'knowingly' as
3  applying to all the subsequently listed elements of the crime."  129 S.Ct. at 1890.

4       With regard to 18 U.S.C. Sections 922(g)(1) and 924(a)(2), the "elements of
5  the crime" are not listed "subsequently" to the word "knowingly."  Rather, the
6  word "knowingly" is used subsequently in Section 924 in reference to the previous
7  statutory section, that being Section 922(g)(1).  Defendant says this should not
8  matter, pointing out the Supreme Court's decision in *United States v. X-Citement*
9  *Video, Inc.*, 513 U.S. 64, 79, 115 S.Ct. 464 (1994).  In that decision, the Supreme
10 Court held the term "knowingly" used in paragraph (1) of 18 U.S.C. Section
11 2252(a)(1)(A) modified the phrase "the use of a minor" in subparagraph (A).
12 Although the phrase "the use of a minor" was not the direct object of the verbs
13 modified by "knowingly," and appeared in a different subsection, the Court found
14 the intent element applied to "the use of a minor."  *Flores-Figueroa*, 129 S.Ct. at
15 1891, discussing *X-Citement Video*.

16      The fact is, however, that "the use of a minor" phrase was still used
17 subsequently to the word "knowingly," albeit in a different subsection (a
18 subparagraph to the paragraph in which the word "knowingly" was used).  And
19 while it makes sense to require that a conviction for transporting or shipping child
20 pornography requires knowledge that what is being transported or shipped is
21 indeed child pornography ("the use of a minor"), it does not make as much sense
22 to require that a conviction for **being** a felon in possession of a firearm or
23 ammunition requires knowledge that one is a convicted felon and that his
24 possession of a firearm or ammunition is connected to interstate commerce.  Being
25 a felon in possession of a firearm or ammunition is a status offense.  Transporting
26 or shipping child pornography is not a status offense, nor is aggravated identity
27 theft.  Finally, it is noted that since the Supreme Court's 1994 decision in *X-*

28

**ORDER DENYING**
**MOTION TO DISMISS-**    **3**

*Citement Video*, no court has held that a conviction for being a felon in possession of a firearm or ammunition requires one to know he is a convicted felon and that his possession of a firearm or ammunition is connected to interstate commerce.  In fact, a number of courts, including the Ninth Circuit in *Enslin*, cited *supra*, have held to the contrary.  See also *United States v. Capps*, 77 F.3d 350 (10th Cir. 1996) and *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995).

Recently (October 7, 2009), the Fifth Circuit Court of Appeals, in an unpublished decision, *U.S. v. Fulbright*, 2009 WL 3199609 (5th Cir. 2009), declined to find the word "knowingly" in 18 U.S.C. Section 924(a)(2) applies not only to the possession of a firearm proscribed in Section 922(g)(1), but also to the fact that such possession was "in or affecting commerce."  The Fifth Circuit noted it had previously rejected this contention many times.  Defendant contended that *Flores-Figueroa* overruled the precedent that would foreclose his claim.  The response of the Fifth Circuit panel was "*Flores-Figueroa* involved a totally different statute, with different wording and structure.  In our view, whether *Flores-Figueroa* can be extended to overrule our section 924(a)(2) precedent is a matter for the Supreme Court, or our court *en banc*, and not this panel."  2009 WL 3199609 at *2.

Also very recently (October 20, 2009), the Eleventh Circuit Court of Appeals, in an unpublished decision, *U.S. v. Coney*, 2009 WL 3358484 (11th Cir. 2009), declined to find that *Flores-Figueroa* overruled Eleventh Circuit precedent that the only element of Section 922(g)(1) that has a "knowing" *mens rea* requirement is possessing a firearm or ammunition.  "Coney's suggestion that *Flores-Figueroa* effectively overrules this precedent misses the mark.  That case did not analyze a conviction under § 922(g)(1); rather, a different statute was involved."  2009 WL 3358484 at *1.

**ORDER DENYING
MOTION TO DISMISS-        4**

In *United States v. Cox*, 577 F.3d 833 (7th Cir. 2009), the Seventh Circuit Court of Appeals held that to be convicted under 18 U.S.C. Section 2423(a) for knowingly transporting an individual under the age of 18 in interstate commerce with the intent that the individual engage in prostitution, a defendant does not have to know that the individual is under the age of 18. In doing so, it concurred with the decisions of several other circuits, including the Ninth (*United States v. Taylor*, 239 F.3d 994, 996 (9th Cir. 2001)).

18 U.S.C. Section 2423(a) provides:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

The defendant in *Cox* argued the adverb "knowingly" modifies not only the transitive verb "transports," but also the verb's direct object- "an individual who has not attained the age of 18 years." The Seventh Circuit rejected defendant's interpretation of the statute. In doing so, it distinguished the Supreme Court's decision in *Flores-Figueroa*:

> We are aware that the Supreme Court has recently said that, as a matter of English grammar and criminal statutory interpretation, "'knowingly' is naturally read as applying to all the subsequently listed elements of the crime." *Flores-Figueroa v. United States*, — U.S. —, 129 S.Ct. 1886, 1890-91, 173 L.Ed.2d 853 (2009). Facing a grammatical construction similar to that which we consider here, the Court concluded that "listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Id.* at 1890. . . . But the Court did not establish a rule for all circumstances, and *Flores-Figueroa* does not compel an interpretation of § 2423(a) different from the one we describe above. The *Flores-Figueroa* Court made clear, pointing to a concurring opinion by Justice

**ORDER DENYING**
**MOTION TO DISMISS-**          **5**

> Alito, that "the inquiry into a sentence's meaning is a contextual one," and that a "special context" might call for a different statutory interpretation. *Id.* at 1891. Indeed, Justice Alito's concurring opinion pointed to those decisions of the court of appeals that have interpreted § 2423(a) not to require knowledge of the victim's age as a context in which departure from the Court's holding in *Flores-Figueroa* might be appropriate. *Id.* at 1895-96 (Alito, J., concurring). We read the Court's decision in *Flores-Figueroa* as consistent with, and perhaps calling for, the interpretation of § 2423(a) that we settle on here.

*Cox*, 577 F.3d at 838.

The Seventh Circuit also distinguished *X-Citement Video*, noting that unlike the statue at issue in that case (18 U.S.C. Section 2252), the conduct prohibited by Section 2423(a) is already unlawful and a defendant is "already on notice that he is committing a crime when he transports an individual of any age in interstate commerce for the purpose of prostitution." *Cox*, 577 F.3d at 837, quoting *United States v. Griffith*, 284 F.3d 338, 351 (2nd Cir. 2002). According to the Seventh Circuit:

> Since the [Supreme Court's] decision in *X-Citement Video* was directed at "awareness of the elements that define circumstances upon which criminality turns" [citation omitted], and since age in § 2423(a) is not a factor that distinguishes criminal behavior from innocent conduct (as it was in the statute at issue in *X-Citement Video*), § 2423(a) is best read as imposing a greater penalty on those persons who transport underage victims in interstate commerce for the purpose of prostitution.

*Cox*, 577 F.3d at 837.

It is true that with regard to 18 U.S.C. Sections 922(g)(1) and 924(a)(2), "criminality" turns on one being a convicted felon. Being a convicted felon is what distinguishes criminal behavior from innocent conduct (it is not a crime for a non-felon to possess a firearm or ammunition in and affecting interstate commerce). That said, a person convicted of a felony cannot reasonably expect to be free from regulation when possessing a firearm or ammunition, notwithstanding

**ORDER DENYING MOTION TO DISMISS-**     **6**

his unawareness of his felony status or the interstate nexus of the firearm or ammunition. *Langley*, 62 F.3d at 607. Interpreting Sections 922(g)(1) and 924(a)(2) such that the United States need not allege and prove that a defendant knew he was a convicted felon and that the firearm or ammunition in his possession has a nexus to interstate commerce does not create the possibility of a prosecution for an "unintentional misstep." *Id*. at 606. One is already a felon or he is not, and the firearm or ammunition has a nexus to interstate commerce or it does not. The only possible "misstep" is with regard to possession of a firearm or ammunition and the "knowing" requirement pertains to that element of the crime. Being convicted of a felony is a "misstep" that has already occurred and requires no further choice on the part of the individual. The only choice is whether or not to possess a firearm or ammunition.

*Flores-Figueroa* does not set forth a "one size fits all" rule for criminal statutes, and in the "special context" of 18 U.S.C. Sections 922(g)(1) and 924(a)(2), does not compel an interpretation of those statutes contrary to the interpretation settled upon by many courts in numerous decisions pre-dating *Flores-Figueroa*: While a defendant must "knowingly" possess a firearm or ammunition, he does not need to know he is a convicted felon and that the firearm or ammunition has a nexus to interstate commerce.

Defendant's Motion To Dismiss (Ct. Rec. 42) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___27th___ day of October, 2009.

*s/Lonny R. Suko*

—————————————————
LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING
MOTION TO DISMISS-**        **7**