UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>  Plaintiff,  <br>  v.  <br> JONATHON JAMES BARNETT,  <br>  Defendant. | NO. CR-09-091-LRS  <br> (CV-12-499-LRS)  <br> **ORDER DISMISSING  <br> 28 U.S.C. §2255 MOTION** |

**BEFORE THE COURT** is Defendant's 28 U.S.C. §2255 Motion (ECF No. 172).

§2255 provides in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, the motion and the files and records of the case conclusively show the Defendant is entitled to no relief.

Defendant's motion is untimely under 28 U.S.C. §2255(f). The motion was not filed within one year from the entry of final judgment. 28 U.S.C. §2255(f)(1). The Ninth Circuit Court of Appeals affirmed Defendant's conviction (ECF No. 168) and its Judgment became effective on March 16, 2011, with issuance of its Mandate (ECF No. 170). Defendant did not file a

**ORDER DISMISSING  
§2255 MOTION-                         1**

petition for writ of certiorari with the United States Supreme Court. His conviction became final on June 15, 2011, when the 90 day period for filing a petition for writ of certiorari expired. *Clay v. U.S.*, 537 U.S. 522, 532, 123 S.Ct. 1072 (2003). Defendant's motion needed to be filed by June 15, 2012, but was not filed until August 6, 2012.

The Supreme Court's decision in *Bond v. United States*, ___ U.S. ___, 131 S.Ct. 2355 (2011), does not extend the time for filing the motion under 28 U.S.C. §2255(f)(2) or (3). Even assuming that decision removed an impediment to Defendant filing his motion or created a new right made retroactively applicable to cases on collateral review, Defendant's motion would still need to have been filed no later than June 16, 2012, one year after the decision in *Bond* on June 16, 2011. This court does not concede that *Bond* falls within §2255(f)(2) or (3), as evidenced by the fact that Tenth Amendment challenges to 18 U.S.C. §922(g)(1), the offense of which Defendant was convicted, pre-date *Bond*. *U.S. v. Andaverde*, 64 F.3d 1305, 1310 (9th Cir. 1995); *United States v. Rothacher*, 442 F.Supp.2d 999, 1005-1007 (D. Mont. 2006). *Bond* did not involve §922(g)(1) and moreover, simply held that the defendant in that case had prudential standing to challenge the statute of her conviction, 18 U.S.C. §229, under the Tenth Amendment. *Bond* is unrelated to firearms regulation under the Tenth Amendment.

In *Andaverde*, the Ninth Circuit held that "Congress may regulate possession of firearms without violating the Tenth Amendment." 64 F.3d at 1310, citing *United States v. Tomlin*, 454 F.2d 176 (9th Cir.), *cert. denied*, 406 U.S. 924, 92 S.Ct. 1792 (1972). Such regulation does not impermissibly interfere with state laws allowing felons to bear firearms because §922(g)(1) "rests on state law governing convictions, not on state law regulating felons' possession of firearms" and "requires the courts to look at the state's definition

**ORDER DISMISSING**
**§2255 MOTION-** 2

of convictions, not the state's substantive regulation of convicted felons." *Id*. *Andaverde* was a case arising out of the State of Washington. In *Rothacher*, the Montana district court held the defendant's indictment for being a felon in possession of firearms did not infringe Montana's sovereignty in violation of the Tenth Amendment and is a valid exercise of Congressional power under the Commerce Clause. Court in other circuits agree that §922(g) is a constitutional exercise of Congress' commerce power, it does not infringe a state's sovereignty and therefore, does not violate the Tenth Amendment. *U.S. v. Bostic*, 168 F.3d 718, 723-24 (4th Cir. 1999), *cert. denied*, 527 U.S. 1029, 119 S.Ct. 2383 (1999); *Fraternal Order of Police v. United States*, 173 F.3d 898 (D.C. Cir. 1999); *Hiley v. Barret*, 155 F.3d 1276 (11th Cir. 1998).

Defendant asserts his "alleged conduct is purely intrastate and should have been left for the State of Washington to prosecute." This is belied by the Plea Agreement which Defendant entered into which recited that the two firearms were manufactured in Connecticut and Utah respectively and therefore, for them to be present in Spokane, Washington, it had been necessary for them to travel in interstate commerce, "thereby affecting interstate commerce." (ECF No. 112 at p. 7). Likewise, the ammunition involved had been manufactured in Russia and Minnesota and therefore, traveled in interstate and/or foreign commerce, "thereby affecting interstate and/or foreign commerce." (*Id*.).

Even if Defendant's motion were not subject to dismissal because of its untimeliness, it would be denied on the merits. Defendant's counsel was not

///
///
///
///

**ORDER DISMISSING**
**§2255 MOTION-**                         3

ineffective for failing to raise a Tenth Amendment challenge.[1]

Defendant's §2255 Motion (ECF No. 172) is **DISMISSED with prejudice**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as Defendant cannot demonstrate that the court's dispositive procedural ruling regarding timeliness is debatable, nor has he otherwise made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to the Defendant.

**DATED** this   14th   of September, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

---

[1] All of Defendant's challenges under other constitutional amendments derive from his Tenth Amendment challenge. It is noted that pursuant to his Plea Agreement (ECF No. 112 at pp. 15-16), Defendant "waive[d] his right to file any post-conviction motion attacking his conviction and sentence in [the captioned] cause number . . . , including a motion pursuant to 28 U.S.C. §2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court impose[d] sentence." Here, the court has operated under the assumption that the exception applies, allowing the filing of this §2255 motion.

**ORDER DISMISSING
§2255 MOTION-                         4**